Samuel I. **BOWEN, Jr.**

v.

Anthony **CELEBREZZE, Secretary of Health, Education and Welfare for the United States of America.**

Civ. A. No. 9057.

United States District Court
W. D. Louisiana,
Shreveport Division.

May 17, 1965.

See also D.C., 250 F.Supp. 46.

6. It may be noted that Carmen has cared for and supported two other children of the wage earner.

Richard B. Williams, Watson, Williams & Brittain, Natchitoches, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

Pursuant to 42 U.S.C.A. § 405(g) plaintiff brings this action to obtain review and reversal of a final decision by the Secretary denying claimant's application for Social Security disability benefits and establishment of a period of disability. Both parties seek summary judgment, and the case is submitted for decision on the administrative record.

Claimant filed this application December 23, 1960, alleging that he became unable to work August 11, 1954, due to a back injury, heart disease, arthritis, gastritis, prostatitis, and nervousness. After his claim was denied by a hearing examiner, which denial was approved by the Appeals Council, claimant sought relief in this Court. In an opinion dated June 6, 1963, we affirmed the denial of his claim, but upon his application for remand for a new trial, we remanded the case to the Secretary for the taking of additional evidence.

A second hearing was held April 2, 1964, after which claimant's application again was denied by the hearing examiner and Appeals Council. In reviewing the decision of the hearing examiner we are mindful that his decision must be affirmed if it is supported by substantial evidence. 42 U.S.C.A. § 405 (g); Celebrezze v. O'Brient, 323 F.2d 989 (5 Cir. 1963).

Claimant is a 51 year old white male with a high school education. He has had a wide variety of work experience including carpenter's helper, porter, carhop, laborer in oil fields and on railroads, military service, and several years as an auto parts salesman and clerk. After claimant injured his back, he underwent corrective surgery and was treated by doctors for over a year. He returned to work from February 6 until June 25, 1956, at Fort Polk, Louisiana, as a general warehouseman. In that job he handled parts, materials and supplies and placed orders for those items.

Claimant contends that he was forced to resign his job because his physical condition would not permit him to continue. His work record shows only that he resigned "for personal reasons." However, the statements of his supervisors at that time indicate that claimant missed much time from work because of his use of alcoholic beverages and that claimant resigned to prevent a dismissal for cause. It is established that in August, 1956, claimant was admitted to Central Louisiana State Hospital, where his condition was diagnosed as "acute brain syndrome associated with alcohol intoxication."

One of the claimant's principal allegations in his request for a new trial was that while he was working at Fort Polk a physical examination was made. He contended that examination would show that he had been determined physically unfit for that job. At the second hearing his work record was introduced containing a report of a physical examination, but it did not show that he was considered unfit for the job he had. On the contrary, it reported that he had full capacity to perform the physical requirements of the job he was performing.

**46**

The medical evidence shows that as a result of his back injury and operation, claimant no longer is able to perform heavy manual labor. However, we think claimant has failed to show that he is physically disabled from performing a job as warehouseman, which he held at Fort Polk. In his work experience are other jobs which do not require heavy manual labor, such as auto parts salesman and clerk, and we likewise think claimant has failed to prove that he can no longer perform these jobs as a result of his physical condition. Therefore, claimant has failed to prove that he is unable to perform any gainful activity within the meaning of the Act.

Claimant contends that in addition to his back condition he suffers from coronary arteriosclerosis. The hearing examiner found that "the objective medical findings * * * do not support a firm diagnosis of severe heart disease as of a time when claimant met the earnings requirements." While the medical evidence shows that claimant was hospitalized several times for possible coronary attacks before he filed this application, there is no firm evidence to show that he suffered from an acute condition of such severity as to prevent him from engaging in any gainful activity. The evidence indicates that claimant suffered an acute cardiac condition in 1962, considerably after this application was filed.

The other ailments alleged by claimant to be disabling, gastritis, prostatitis, and nervousness, appear to be controlled by treatment. Therefore, we find that there is substantial evidence to support the conclusion of the Secretary that claimant is not disabled within the meaning of 42 U.S.C.A. §§ 416(i) (1), 423(c) (2).

For these reasons the decision of the Secretary is affirmed, and his motion for summary judgment is granted. Claimant's motion for summary judgment is denied.